**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MARYLAND**

**Deidra Martin-Jones**

7830 Mistletoe Drive #475

Elkridge, MD 21075

Plaintiff, Pro Se

v.

Civil Action No. GLR 26 CV 1 3 1 6

**Pete Hegseth**

**Secretary of Defense,**

in his official capacity,

Defendant.

# COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**(Title VII, ADEA, and Rehabilitation Act)**

Plaintiff Deidra Martin-Jones ("Plaintiff"), proceeding pro se, alleges as follows:

# I. NATURE OF THE ACTION

1. This is an action for employment discrimination and retaliation based on race, sex, age, and disability arising from Plaintiff's federal employment at Kimbrough Ambulatory Care Center ("Kimbrough") and Plaintiff's termination during probation.

2. Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., including 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, including 29

1

U.S.C. § 633a; and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., including 29 U.S.C. §§ 794 and 794a.

# II. JURISDICTION, VENUE, AND ADMINISTRATIVE EXHAUSTION (INCLUDING EQUITABLE ESTOPPEL AND TOLLING)

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 2000e-16(c), 29 U.S.C. § 633a(c), and 29 U.S.C. § 794a.

4. Venue is proper in this District under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(e) because the events at issue occurred in this District and Plaintiff worked in this District.

## A. Proper defendant (official capacity)

5. Defendant is sued in his official capacity as head of the Department of Defense, the department within which Plaintiff was employed.

6. **Alternative pleading:** to the extent the Court determines a different federal official is the proper defendant for Plaintiff's employing component, Plaintiff requests leave to amend to substitute the proper official rather than dismissal on a technical basis.

## B. EEO contact and barriers to processing

7. Plaintiff's employment was terminated on or about July 12, 2024.

8. On July 18, 2024—within 45 days of termination—Plaintiff emailed the Department of Defense EEO office to seek to initiate EEO counseling and to pursue a discrimination and retaliation complaint. (Exhibit F)

9. On August 4, 2024, Recardo Alexander, Garrison EEO Complaints Manager, responded and provided a link and instructions to submit the complaint online. Plaintiff could not access the link because Plaintiff was separated from employment. (Exhibit G)

10. On or about August 5, 2024, Plaintiff went in person to the EEO office seeking assistance to initiate the EEO process and submit her complaint.

11. Plaintiff was not issued a written Notice of Right to File a formal complaint and was not provided written instructions for an accessible submission method after separation from employment.

12. Plaintiff was later informed by Recardo Alexander, Garrison EEO Complaints Manager, that Plaintiff "did not have a case" and that Plaintiff was not entered into the EEO system.

13. As a result, Plaintiff did not receive a case number, a Notice of Right to File a formal complaint, or any acceptance/dismissal notice or Final Agency Decision, and Plaintiff was unable to proceed through the formal EEO complaint process.

## C. Diligence and later confirmation attempts

14. From March 20, 2026 to March 30, 2026, Plaintiff attempted to obtain a log or record confirming Plaintiff's EEO contact/visit in August 2024, but was informed that no such log/records were available and that Mr. Alexander had retired. (Exhibit H)

15. On April 2, 2026, Sha'Tonya Murphy, EEO Specialist (Program Advisor), IMCOM Directorate – Sustainment (Redstone Arsenal), provided written guidance regarding Plaintiff's efforts to pursue the EEO process. (Exhibit I)

## D. MSPB proceeding (procedural history only)

16. Plaintiff also sought review through the Merit Systems Protection Board ("MSPB") following her probationary termination.

17. The MSPB dismissed Plaintiff's appeal for lack of jurisdiction by final decision dated January 23, 2026. Plaintiff received/viewed notice of the decision on January 23, 2026. (Exhibit L)

18. The MSPB did not adjudicate the merits of Plaintiff's discrimination or retaliation allegations.

## E. Equitable estoppel and equitable tolling (alternative pleading)

19. Plaintiff acted diligently and in good faith to pursue administrative relief promptly after termination, including by contacting EEO within days of termination and appearing in person.

20. Plaintiff alleges any asserted exhaustion or timeliness defenses should be excused, tolled, or estopped because the agency directed Plaintiff to an online submission method Plaintiff could not access after separation from employment, and then failed to open an EEO matter for Plaintiff (including by not entering Plaintiff into the EEO system and not issuing a case number or Notice of Right to File). (Exhibits F, G, H, I)

3

21. **Plaintiff's equitable tolling and equitable estoppel allegations apply to all asserted administrative-processing and timeliness requirements for Plaintiff's Title VII, Rehabilitation Act, and ADEA claims.**

22. Alternative pleading. To the extent administrative-processing requirements are asserted as a defense, Plaintiff pleads that such requirements are satisfied, excused, tolled, and/or otherwise inapplicable under the circumstances alleged herein. (Exhibits F, G, H, I, L)

23. Exhibits. Plaintiff attaches Exhibits F, G, H, I, and L, and an Exhibit Chart identifying each exhibit.

# III. PARTIES

24. Plaintiff is a Black woman and was age 53 at the relevant time. Plaintiff resides in Maryland.

25. Plaintiff was employed in federal service at Kimbrough Ambulatory Care Center, Fort Meade, Maryland, as a GS-9 Public Affairs Specialist, subject to a one-year probationary period.

26. Plaintiff has mental health conditions, including anxiety, PTSD, and depression.

27. Defendant is the Secretary of Defense, sued in his official capacity.

# IV. FACTUAL ALLEGATIONS

28. Plaintiff began work at Kimbrough on or about September 11, 2023.

29. Plaintiff was supervised by LTC Elizabeth Patricola (Deputy Administrator) and Michelle Gonzalez (Public Affairs Officer).

## A. October 20, 2023 meeting: "molded" comment and unequal baseline

30. On October 20, 2023, Plaintiff met with Ms. Gonzalez in Ms. Gonzalez's office to discuss workplace treatment and evaluation concerns.

31. In that meeting, Ms. Gonzalez questioned Plaintiff's qualifications and stated she had not selected Plaintiff and would have preferred a candidate from public affairs school who "could be molded."

4

32. Ms. Gonzalez compared Plaintiff unfavorably to another employee, "Tracy," stating she would not be concerned if Tracy handled certain assignments but believed Plaintiff needed "pages" of instructions.

33. Plaintiff expressed concern about receiving a fair evaluation. Ms. Gonzalez became upset, raised her voice, and ended the meeting.

34. Plaintiff contemporaneously documented the interaction and thereafter raised concerns to management regarding fairness and supervisory treatment.

## B. Differential scrutiny and terms/conditions: leave, telework, and training

35. On April 16, 2024, LTC Patricola emailed Plaintiff stating she wanted to "validate" what time Plaintiff came in "for accountability," asserting Plaintiff's leave request reflected Plaintiff would come in at 0930 but that LTC Patricola did not see Plaintiff until Plaintiff requested assistance at approximately 1230.

36. In the same email, LTC Patricola stated that working past Plaintiff's duty day required prior approval, stated LTC Patricola would not approve working past scheduled hours in the future unless "mission essential," and stated Plaintiff had a zero sick leave balance.

37. LTC Patricola stated annual leave required prior approval and requested medical documentation for appointments for which Plaintiff would apply annual leave.

38. Plaintiff responded on April 16, 2024 disputing any implication that Plaintiff was dishonest, requesting clarification of any medical documentation requested, and raising concerns about unequal telework access and delayed responses impacting professional development/training.

39. LTC Patricola did not respond to Plaintiff's April 16, 2024 email response.

40. Upon information and belief, during the relevant period **other employees in Plaintiff's work area performing comparable public-affairs functions** were permitted to telework and were approved for training and professional development opportunities, while Plaintiff's telework requests and training/professional-development requests were denied, delayed, or obstructed.

41. Upon information and belief, Plaintiff was subjected to **heightened scrutiny and more burdensome requirements** regarding time/attendance and leave relative to similarly situated coworkers.

## C. Reasonable accommodation request (telework) and failure to engage

42. Plaintiff sought reasonable accommodation related to Plaintiff's mental health conditions, specifically telework.

5

43. Plaintiff's reasonable accommodation process was initiated on or about April 17, 2024 through the Human Resources office.

44. Plaintiff requested telework as accommodation to enable Plaintiff to perform the essential functions of her position.

45. On or about May 9, 2024, as part of the reasonable-accommodation process initiated through Human Resources, Plaintiff signed the agency's request/authorization for medical information in support of Plaintiff's reasonable-accommodation request, and the signed request/authorization was forwarded to LTC Patricola.

46. LTC Patricola did not respond to Plaintiff after the signed medical-information request/authorization was forwarded to her and did not engage in a meaningful interactive process regarding Plaintiff's requested accommodation.

## D. Termination and escort (adverse actions)

47. On or about July 12, 2024, while still in probationary status, Plaintiff was notified that her employment was terminated.

48. Plaintiff is not aware of any history of threats, violence, or disruptive conduct by Plaintiff during her employment.

49. Plaintiff was escorted out by security in view of coworkers.

50. Plaintiff's termination occurred after Plaintiff raised concerns about unequal treatment and after Plaintiff's reasonable-accommodation paperwork was signed and forwarded to LTC Patricola without response.

51. Plaintiff has suffered lost wages and benefits and emotional distress.

# V. CLAIM ONE – TITLE VII RACE AND SEX DISCRIMINATION (42 U.S.C. § 2000e-16)

52. Plaintiff incorporates by reference all preceding paragraphs.

53. Plaintiff is a member of protected classes based on race (Black) and sex (female).

54. Plaintiff experienced adverse actions and adverse changes in terms and conditions of employment, including heightened scrutiny and restrictions, denial/delay/obstruction of telework and professional development opportunities, and termination.

55. Plaintiff alleges these actions occurred under circumstances supporting an inference of discrimination based on race and/or sex, including differential access

6

to telework/training and differential scrutiny relative to similarly situated coworkers.

56. Defendant's conduct violates Title VII.

# VI. CLAIM TWO – TITLE VII RETALIATION (42 U.S.C. § 2000e-16)

57. Plaintiff incorporates by reference all preceding paragraphs.

58. Plaintiff engaged in protected activity by opposing unfair and discriminatory treatment and by raising concerns to management and supervision about unequal treatment and fairness in evaluation and work conditions, including by documenting and reporting the October 20, 2023 interaction and by raising concerns in her April 16, 2024 email about unequal telework access and barriers to professional development/training.

59. Defendant subjected Plaintiff to adverse actions, culminating in termination on or about July 12, 2024.

60. The timing and surrounding circumstances— including escalating scrutiny and the termination following Plaintiff's complaints and accommodation-related activity—support an inference of causation.

61. Defendant's conduct violates Title VII's anti-retaliation provisions.

# VII. CLAIM THREE – ADEA AGE DISCRIMINATION (29 U.S.C. § 633a)

62. Plaintiff incorporates by reference all preceding paragraphs.

63. Plaintiff was age 53 at the relevant time and within the ADEA's protected class.

64. Plaintiff alleges that management's expressed preference for a candidate who could be "molded," and the expressed preference for a different candidate profile, combined with adverse actions culminating in termination during probation, support an inference that age was a motivating factor in the adverse treatment and termination.

65. Defendant's conduct violates the ADEA.

# VIII. CLAIM FOUR – REHABILITATION ACT DISABILITY DISCRIMINATION / FAILURE TO ACCOMMODATE (29 U.S.C. §§ 794, 794a)

66. Plaintiff incorporates by reference all preceding paragraphs.

67. Plaintiff is an individual with a disability within the meaning of the Rehabilitation Act, including mental health impairments such as anxiety, PTSD, and depression.

68. Defendant knew or should have known of Plaintiff's disability and need for accommodation due to the reasonable accommodation process initiated through Human Resources.

69. Plaintiff was a qualified individual with a disability and could perform the essential functions of her position with reasonable accommodation, specifically telework.

70. Defendant failed to respond to Plaintiff's reasonable-accommodation submission and failed to engage in the interactive process.

71. Instead of accommodating Plaintiff, Defendant continued adverse treatment and terminated Plaintiff.

72. Defendant's conduct violates the Rehabilitation Act.

# IX. PRAYER FOR RELIEF

Plaintiff requests that the Court:

A. Declare that Defendant's actions violated Title VII, the ADEA, and/or the Rehabilitation Act;

B. Award back pay, benefits, and other make-whole relief;

C. Award reinstatement or, in the alternative, front pay as permitted by law;

D. Award compensatory damages as permitted by law (including under Title VII and the Rehabilitation Act);

E. Award costs and other relief the Court deems just and proper.

# X. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable, including claims for compensatory damages under Title VII and the Rehabilitation Act.

Respectfully submitted,

**Deidra Martin-Jones**

Plaintiff, Pro Se

Elkridge, Maryland

Date: April 2, 2026

9

# CERTIFICATE OF SERVICE

I certify the attached documents were sent as indicated this day to each of the following:

## Defendant

Pete Hegseth

Secretary of Defense

1000 Defense Pentagon

Washington, DC 20301-1000

## Office of the United States Attorney

District of Maryland

36 S. Charles Street

Baltimore, MD 21201

## U.S. Attorney General

950 Pennsylvania Avenue, NW

Washington, DC 20530-0001

By: [ ] Certified Mail, Return Receipt Requested

[ ] Process Server

Date:

Deidra Nicola Martin-Jones

_____          _____

    Plaintiff                Service Processor